Mary F. Carson Bond Counsel for City of Dodge City 9200 Indian Creek Parkway, Suite 230 Overland Park, Kansas 66210
Dear Ms. Carson:
As Bond Counsel for the City of Dodge City you ask our opinion on whether the City may create an improvement district under K.S.A. 12-6a01et seq. in which the proposed improvement district does not include properties abutting a planned street improvement; rather, the improvement district would be created based on the benefit to the owner of nonabutting property.
As background, you inform us that the City proposes to improve a street designated Ross Boulevard, which runs in an east-west direction. The proposed improvement is a westward extension of Ross Boulevard that would terminate at Loretta Street on its western edge. The property north of the extension is outside the corporate city limits and is, therefore, not subject to assessment and, you advise us, cannot be made subject to assessment under the provisions of K.S.A. 12-693. The property south of the extension is platted for residential development with limited access to Ross Boulevard from the planned residential streets in the development.
Unified School District No. 443 owns property located along Loretta Street on the properties' eastern edge, and southwest of the proposed street extension. A new high school will be built on a portion of the school district's grounds and, under the school district's proposal, will comprise the proposed improvement district. None of the property included in the improvement district abuts the proposed improvement, although the extension of Ross Boulevard will be the only means of access to the high school. None of the property abutting the extension of Ross Boulevard is proposed to be included in the improvement district. The school district has also proposed to the City that the improvement district be assessed 75% of the cost of the improvement and that the City pay the remaining 25% of the total cost. Under this proposal there would be no assessments on the property abutting the extension of Ross Boulevard.
Cities in Kansas are authorized to make municipal improvements "which confer a special benefit upon property within a definable area of the city," and "may levy and collect special assessments upon property in the area deemed to be benefitted by such improvement for special benefits conferred upon such property."[1] Special assessment proceeds may be used to finance the improvement. Correspondingly, the definition of improvement district is "the area deemed by the governing body to be benefitted by an improvement" and therefore subject to assessment.[2]
Governing bodies are vested with "broad latitude" in establishing improvement districts and levying assessments "within the restrictions of the applicable law."[3]
The foundation for the government's power to levy special assessments is that an improvement imparts a special benefit on an identified parcel of land; therefore, the property is enhanced in proportion to the benefit received and an assessment on the land is lawful and constitutional.[4]
The benefits conferred on the land are full compensation for the expense of the assessment, so the landowner suffers no economic loss from the government's action.[5] The degree to which the cost of a public improvement substantially exceeds the special benefits is, "to the extent of such excess, a taking, under the guise of taxation."[6]
K.S.A. 12-6a01 et seq. codify the foregoing constitutional and legal principals. K.S.A. 12-6a07 directs the governing body on the method to apply when assessing the cost of an improvement. "[T]he cost may be determined and fixed on the basis of any other reasonable assessment plan which will result in imposing substantially equal burdens or shares ofthe cost upon property similarly benefited." (Emphasis added).
The extent to which property will receive special benefits from an improvement is a factual determination to be made by the authorized governing body.[7] Kansas Courts have repeatedly held that assessments need not be levied with "mathematical precision;" however, the burden must not be "entirely disproportionate" to the benefit received.[8] An assessment scheme which radically departs from imposing substantially equal burdens on benefited property will constitute "arbitrary action" on the part of the governing body, and thereby is subject to judicial action.[9]
The holding in the Davies case is relevant to the facts presented by Dodge City. In Davies, the City of Lawrence proposed to build an extensive sidewalk system which abutted both residential and governmental property. The improvement district included three elementary school properties; two of the schools abutted existing sidewalks. Private residents with existing sidewalks were excluded from the benefit district; school properties with sidewalks were included in the benefit district. The Court also noted that:
 "[T]he proposed cost of the sidewalk is to be spread equally throughout the district on an adjusted front foot basis without regard to the lots' proximity to the proposed sidewalk. Thus, property lying many hundreds of feet from a sidewalk could conceivably pay more of the cost of the sidewalk than a property located directly on an abutting sidewalk."[10]
The Court rejected the City's argument that unequal burdens were justified because the grade schools would derive an unusual benefit from the sidewalks. The Court stated its rationale that, "it is not the particular use being made of the property at the time of the assessment which is material, but whether the property is enhanced in value for any purpose by reason of the improvement."[11] The benefit inures to the property itself, not the particular use being made of the property at the time.[12] (In the Board of Education case the Court, again, rejected a benefit scheme that was based on the district's current use of the improvement for educational or residential purposes rather than on the potentially increased value to the property for any purpose.[13]
Moreover, property which is benefitted by an improvement cannot be omitted by agreement without invalidating the assessment.[14]
The Dodge City school district asserts that the public and the school district patrons should finance the proposed street improvement because they are the beneficiaries of the access road. It is our opinion that this assertion contravenes both the underlying rationale for special assessments and the statutory scheme under which the City must act. The maps you and the City have provided show the proposed extension of Ross Boulevard will abut land which is within the City's limits and is subject to assessments. Looking at the configuration of the properties, it appears the land which lies to the south of the extension road would derive a direct benefit from an access road. The property on which the new school will be located may also derive benefits from street access, as may the surrounding school district property. However, the governing body must determine how all contiguous and surrounding parcels of land would be enhanced by an extension which makes them available to road traffic. Under the definition of "improvement district"all such property must be included in the district, and must be assessed in proportion to the enhancement to the land, itself, regardless of current use.
In conclusion, it is our opinion that land situated similarly to the land included in the improvement district must also be deemed benefitted by an improvement and must be considered by the governing body for inclusion in the improvement district. It is further our opinion that land abutting a proposed street extension must be included in an improvement district which is comprised of nonabutting property, regardless of the current uses of the land.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Nancy L. Ulrich Assistant Attorney General
CJS:JLM:NLU:jm
[1] K.S.A. 12-6a02.
[2] K.S.A. 12-6a01(f).
[3] Giddings v. City of Pittsburg, 197 Kan. 777, 783 (1966), quoting 14 McQuillan, Municipal Corporations § 38.55 (3rd Ed. 1998).
[4] Davies v. City of Lawrence, 218 Kan. 551, 558 (1976); 14 McQuillan, Municipal Corporations §§ 38.02, 38.31 (3rd Ed. 1998).
[5] Id.
[6] Mullins v. City of El Dorado, 200 Kan. 336, 341 (1968).
[7] Becker v. City of Wichita, 231 Kan. 322, 438 -439 (1982); K.S.A.12-6a04(c).
[8] Id. at 325.
[9] Davies v. City of Lawrence, 218 Kan. at 562.
[10] Id. at 559.
[11] Id. at 561.
[12] Board of Education v. City of Topeka, 214 Kan. 811, 818 (1974).
[13] Id.
[14] 14 McQuillan, Municipal Corporations § 38.132 (3rd Ed. 1998).